Court of Common Pleas for Licking County.

NEWARK, CITY OF, V. BOARD OF EDUCATION.

Decided January 9, 1931.

*F. S. Scott,* city solicitor, for plaintiff.

*Flory & Flory,* and *C. G. L. Yearick,* prosecuting attorney of Licking Co., for defendant.

MOORE, J.

This case is submitted to the court upon a demurrer to the petition. From a legal standpoint it presents a very unusual and unfortunate state of affairs.

Section 3963, General Code, provides:

"No charge shall be made by a city or village, or by the waterworks department thereof, for supplying water for extinguishing fire  *   *   * or for the use of the public school buildings in such city or village."

An action was begun in Cuyahoga county by the city of East Cleveland against the Board of Education of the East Cleveland School District, alleging that this statute is unconstitutional and seeking a recovery from the Board of Education for water consumed by the public schools. The law was held constitutional by the Court of Appeals of Cuyahoga county, and the case then went to the Supreme Court, and is reported in the 112 O. S., page 607,

*East Cleveland* v. *Board of Education.* Five members of the Supreme Court were of the opinion that this statute is unconstitutional. Two were of the opinion that it was valid. Section 2, Article 4, of the Ohio Constitution provides:

"No law shall be held unconstitutional and void by the Supreme Court without the concurrence of at least all but one of the judges, except in the affirmance of a judgment of the Court of Appeals declaring a law unconstitutional and void."

So, in this case, while five members of the court were of the opinion that the statute was unconstitutional, the effect of the opinion of two members of the Supreme Court was to affirm the judgment of the Court of Appeals and thus declare the statute constitutional. Afterwards the city of Columbus brought suit against the Board of Education of the City School District of Columbus, and the Court of Appeals of Franklin county held the statute to be unconstitutional, and this case, which was taken to the Supreme Court, is reported in 118 Ohio State, page 295, *Board of Education of City School District of Columbus* v. *City of Columbus.* By the same vote, five to two, the Supreme Court held the statute unconstitutional and affirmed the judgment of the Franklin County Court of Appeals. Owing to this provision of the Constitution the practical effect of the matter is that the Court of Appeals in any particular district of Ohio can reverse the Supreme Court of Ohio. This is an unfortunate situation.

Judge Marshall, in his opinion in the case of the *Board of Education* v. *Columbus*, page 299, uses this language:

"In the Second Appellate District, Section 3963 is unconstitutional and void, and must be so treated by all the municipalities of that district. In the Eighth and Ninth Appellate Districts the statute is valid, and must be so administered. In other six appellate districts, municipalities may not know whether that section is valid and applicable to municipalities within their jurisdictions until the question has been submitted to the various Courts of Appeals of those districts, but all municipalities in those districts may be assured that whatever judgments are rendered by their respective Courts of Appeals will be affirmed by this court until such time as either the consti-

tutional provision is abrogated or changes occur in the personnel of this court. It would be difficult to describe or even imagine a more deplorable situation."

Again on pages 306 and 307:

"As a further illustration of the impractical operation of this constitutional provision, it may be pointed out that a cause originating in the probate court might involve the constitutionality of a statute, and the statute might be declared unconstitutional by the probate court, the Common Pleas Court on error, and by one of the judges of the Court of Appeals, and by five judges of the Supreme Court, a total of eight judges, and yet the statute would be held to be constitutional by the concurrence of two judges of the Court of Appeals, declaring its constitutionality, and affirmed by two judges of the Supreme Court, a total of four.

"This amendment to the Ohio Constitution is without a parallel in any state in the Union, and is violative of the basic principle of popular government, which must always rest upon the loyal acceptance of majority rule. In a few matters of superimportance, it is required in legislative bodies that a conclusion can only be reached by a two-thirds majority, and in some instances a three-fourths majority is required. In no other instance in any of the three branches of government is it provided that a conclusion can be reached by less than a majority. The effect of this constitutional amendment is to give greater force and effect to the opinion of two members of the court than to the other five."

So the court in the instant case is confronted with this situation: The Supreme Court, because of the peculiar provision of the constitution, has declared this statute both constitutional and unconstitutional, but, by reason of the same provision, the Court of Appeals of this district, or any other district, according to Judge Marshall, which has not passed upon this matter, has the power at any time to overrule the Supreme Court of Ohio. So far, however, as a Court of Common Pleas is concerned, this court is of the opinion that in any Common Pleas Court in Ohio this matter is *stare decisis* and is not now an open question. If, by way of illustration, the Court of Appeals of Cuyahoga county had decided some matter and the Court of Appeals of Licking county had decided the same mat-

ter exactly opposite, either of these courts could be overruled by the Supreme Court, but if, before any action is taken by the Supreme Court, a case involving the same question should be brought in the Common Pleas Court of Licking county it would be, under the *stare decisis* rule, as this court takes it, the duty of the Common Pleas Court of Licking county to follow the Court of Appeals of Licking county. The latest announcement of the Supreme Court of Ohio is that the statute is unconstitutional and this court thinks it is the duty of the Common Pleas Court to follow this until the matter is reversed by its own Court of Appeals.

This court is aware of the opinion of the attorney general in which he advises administrative officers in the districts which have not passed upon this matter to consider Section 3963 constitutional, because of the presumption that statutes are constitutional until set aside by the courts. While this advice may be good in the guidance of administrative officers, if no suit is pending, yet this reason certainly cannot be true in submitting the matter to a court of inferior jurisdiction which, because of public policy, if no other, must always follow the courts of higher jurisdiction as near as possible and as near as the court understands. The Supreme Court has certainly not reached the state where its jurisdiction is not superior to that of Common Pleas Courts, and this announcement is certainly the law for all parts of the state of Ohio. If two cases involving identical questions had been taken to the Supreme Court of Ohio, and which were cases involving no peculiarity of the state Constitution, this court would be under obligation to follow the latest opinion of the Supreme Court, and the court does not think that this is, so far as this court is concerned, an open question. Judge Marshall says it is an open question for all Appellate Courts of the state. That being so the Appellate Court of this district can approach the question entirely upon its merits, something which this Court of Common Pleas cannot do.

The demurrer may, therefore, be overruled. If the defendant desires, leave will be given to file an answer.